IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| **FOSTER POULTRY FARMS,** | ) | **1:11-CV-00030 AWI SMS** |
| | ) | |
| **Plaintiff,** | ) | **ORDER GRANTING** |
| | ) | **DEFENDANT'S MOTION TO** |
| **v.** | ) | **DISMISS** |
| | ) | |
| **ALKAR-RAPIDPAK-MP EQUIPMENT,** | ) | **[Doc. #10]** |
| **INC. and DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## INTRODUCTION

On December 13, 2010, Plaintiff Foster Poultry Farms ("Foster Farms") filed a Complaint against Defendant Alkar-Rapidpak-MP Equipment, Inc. ("Alkar") in Stanislaus County Superior Court. On January 6, 2011, Alkar removed the action to this Court because the parties are citizens of different states and more than $75,000 is at issue. Subsequently, on February 10, 2011, Alkar filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]"  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

2

**ALLEGED FACTS**

Foster Farms entered into a written agreement with Alkar in order to purchase turkey pasteurization equipment.  Complaint at ¶ ¶ 9-11.  The written agreement contained a broad provision wherein Alkar warranted against "all claims of others of any kind," including patent infringement:

> By acceptance of this Agreement, Seller warrants to and for the benefit of Buyer . . . (d) that all goods delivered are validly owned by Seller and are delivered to Buyer free from all liens, encumbrances, and claims of others of every kind and nature . . . (f) that all goods delivered are absolutely free from infringement of any patent[.]

Id. at ¶ 12.  After Foster Farms paid Alkar in excess of $2.2 million for the equipment and installed it, Unitherm Food Systems, Inc. ("Unitherm"), one of Alkar's primary competitors, advised Foster Farms of their pending patent that might have application to the Alkar equipment. Id. at ¶ ¶ 1, 13.  Foster Farms promptly communicated Unitherm's threat to Robert Hanson, Alkar's Vice President of Research and Technology.  Id. at ¶ 1.

On May 23, 2003, Robert Hanson sent a responsive letter to Foster Farms.  Id. at ¶ 13. The letter stated: "Regarding patent infringement on our equipment, Seller stands behind our products - including indemnification against patent infringement."  Id. at ¶ 13.  The letter appended additional contractual language, which Foster Farms alleges enhanced Alkar's indemnity and warranty obligations to Foster Farms.  Id. at ¶ 27.  Based upon these assurances, Foster Farms continued production on the food processing line containing Alkar's equipment. Id. at ¶ 13.

On October 23, 2007, Unitherm's patent issued.  Id. at ¶ 14.  On March 17, 2009, Unitherm sued Foster Farms for patent infringement.  Id. at ¶ 15.  Foster Farms and its counsel secured a dismissal of Unitherm's lawsuit with prejudice and obtained other concessions from Unitherm that would protect Foster Farms from any future suits on related technology.  Id. at ¶ 19.  Thereafter, Alkar requested that Foster Farms attempt to obtain further concessions from Unitherm that had no additional benefit to Foster Farms.  Id. at ¶ 20.  Alkar's counsel stressed

clearly and unambiguously that Alkar's indemnification would be influenced by Foster Farms' follow through on its requests for these additional concessions from Unitherm.  Id. at ¶ 53. Foster Farms approached Unitherm with this proposal, but Unitherm would not agree to these further concessions unless Foster Farms would abandon its demand for attorneys' fees and expenses against Unitherm.  Id. at ¶ 20.  To benefit Alkar, Foster Farms agreed to drop its claim for attorneys' fees and expenses against Unitherm in exchange for the additional concessions requested by Alkar.  Id.

Foster Farms spent approximately $1,128,000 in fees and expenses associated with defending against Unitherm's lawsuit.  Id. at ¶ 21.  To date, Alkar has refused to provide monetary payment to Foster Farms for the fees and expenses incurred in defending the Unitherm lawsuit and in obtaining favorable concessions for Alkar.  Id. at ¶ 22.

**DISCUSSION**

A.      Breach of Contract

In the first cause of action for breach of contract, Foster Farms alleges that Alkar warranted in the written agreement that all goods delivered are (1) "validly owned by Seller and are delivered to Buyer free from all liens, encumbrances, and claims of others of every kind and nature;" and (2) "are absolutely free from infringement of any patent[.]"  Id. at ¶ 26. Foster Farms alleges that Robert Hanson, Alkar's Vice President, issued a written assurance that Alkar would indemnify Foster Farms for claims arising from the use of Alkar's products.  Id. at ¶ ¶ 13, 27.  The assurance letter appended additional contractual language, which Foster Farms alleges enhanced Alkar's indemnity and warranty obligations to Foster Farms.  Id. at ¶ 27. Foster Farms alleges that Alkar breached the contract by refusing to pay for Foster Farms' defense costs in the Unitherm patent infringement case.  Id. at ¶ 29.

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  Cal. Com. Code § 2725(1).  A breach of contract claim that is based solely on a breach of warranty is governed by the "accrual-upon-tender-rule" of California

4

Commercial Code § 2725(2).  Cardinal Health 301, Inc. v. Tyco Elecs. Corp., 169 Cal. App. 4th

116, 135 (2008) (citing to Schauer v. Mandarin Gems of Cal, Inc., 125 Cal. App. 4th 949, 958

(2005)).  Under California Commercial Code § 2725(2), a "breach of warranty occurs when

tender of delivery is made, except that where a warranty explicitly extends to future performance

of the goods[.]"  Thus, an "exception to the four-year limitations period applies only when the

seller explicitly has agreed to warrant its product for a defined period of time."  Carrau v. Marvin

Lumber and Cedar Co., 93 Cal. App. 4th 281, 291 (2001); see also Cardinal Health 301, 169 Cal.

App. 4th at 130.  The accrual-upon-tender rule "reflects the drafters' intention to establish a

reasonable period of time . . . beyond which sellers need not worry about stale warranty claims.

Carrau, 93 Cal. App. 4th at 291.  A buyer and seller, however, can freely negotiate to extend

liability into the future, but an "express warranty which makes no reference at all to any future

date should not be allowed to extend past the limitations period."  Id.

Foster Farms' cause of action for breach of contract is based solely on a breach of

warranty and is therefore governed by the accrual-upon-tender rule.  Foster Farms relies on

warranty provisions in the written agreement with Alkar that do not warrant the products for a

defined period of time.  Therefore, the four-year limitations period began to run upon delivery of

the equipment.  Although the delivery date of the equipment is not explicitly alleged in the

Complaint, the written agreement had a guaranteed delivery date of June 1, 2002.  Complaint at

Exhibit A.[1]  Furthermore, Foster Farms alleges that the equipment was installed already when it

notified Robert Hanson of Unitherm's pending patent.  Complaint at ¶ 1.  Robert Hanson

responded to Foster Farms' communication on May 23, 2003.  Id. at ¶ 13.  Foster Farms did not

---

[1]      "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the motion into a Rule 56 motion for summary judgment[.]"  United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."  Id. at 908.  In this case, the written agreement entered into between Foster Farms and Alkar was attached to the Complaint and incorporated by reference.  Therefore, the Court takes judicial notice of the written agreement.

file the present action until December 13, 2010, which was well after the four-year statute of

limitations period had ended. Therefore, Foster Farms' cause of action for breach of contract is

untimely. Accordingly, Alkar's Motion to Dismiss Foster Farms' cause of action for breach of

contract is GRANTED.

Foster Farms is granted leave to amend in order to allege an equitable tolling theory or

other facts indicating how its breach of contract claim is timely.[2] In the opposition, Foster Farms

suggests that Robert Hanson's assurance letter, and the additional contractual language that was

appended to the assurance letter, could constitute a contract modification. Opposition at 2:26-27.

However, this theory is not adequately pled in the Complaint. Foster Farms is also granted leave

to amend in order to allege this theory.

B.      Breach of Express and Implied Warranty

Foster Farms' second and third causes of action for breach of express and implied

warranty are untimely for the same reasons as its cause of action for breach of contract. The

four-year statute of limitations period and accrual upon tender rule apply for causes of action for

breach of express and implied warranty in a contract for sale of goods. Cal. Com. Code §§

2725(1) and (2); Cardinal Health, 169 Cal. App. 4th at 129, 134. Therefore, these causes of

action are untimely. Accordingly, Alkar's Motion to Dismiss Foster Farms' causes of action for

breach of express and implied warranty is GRANTED. Foster Farms is granted leave to amend

in order to allege an equitable tolling theory or other facts indicating how its breach of express

and implied warranty claims are timely.

C.      Implied Contractual Indemnity

In the fourth cause of action for implied contractual indemnity, Foster Farms alleges that

Alkar breach its implied contractual indemnity when it refused to pay for the defense of the

_____

[2]      Foster Farms alleges in the Complaint that it entered into a "Tolling Agreement"
with Alkar on July 10, 2009. Complaint at ¶ 17. The Complaint does not address whether the
Tolling Agreement actually tolled any relevant limitations period. The Court notes that the
Tolling Agreement was entered into after the four-year limitations period of section 2725(1) had
already ended.

1    Unitherm lawsuit.  Complaint at ¶ 48.  Foster Farms alleges that it was damaged by incurring

2    expenses in zealously defending itself against the Unitherm lawsuit.  Id.

3         Implied contractual indemnity is a form of equitable indemnity and is subject to the rules

4    governing equitable indemnity claims.  Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1165

5    (2009) (citation omitted).  The California Supreme Court has made it clear "that implied

6    contractual indemnity has always been subject to the rule that there can be no indemnity without

7    liability."  Id.  In other words, a right to indemnify exists only if the injured party has a legal

8    cause of action against both the indemnitor and the indemnitee.  Gen Motors Corp. v. Doupnik, 1

9    F.3d 862, 866 (9th Cir. 1993).  This is a requirement because implied contractual indemnity

10   "originated as a means to equitably shift the risk of loss from one joint tortfeasor to another when

11   both were deemed liable to the injured party."  Prince, 45 Cal. 4th at 1161.

12        In this case, Foster Farms fails to state a claim for implied contractual indemnity because

13   there is no allegation that Alkar was in any way liable to Unitherm.  The Court is not persuaded

14   that Carrier Corp. v. Detrex Corp., 4 Cal. App. 4th 1522 (1992) mandates a different result.

15   Relying on the Carrier case, Foster Farms argues in its opposition that the "rule in Prince does

16   not apply where . . . the equitable indemnity claim seeks to recover only defense costs relating to

17   the underlying lawsuit in which the indemnitee prevailed."  Opposition at 15:5-7.  However,

18   Carrier does not stand for this proposition.  In Carrier, the California Court of Appeal dealt with

19   the issue of whether a plaintiff must become liable to a third party in order to seek

20   indemnification from a defendant.  Id. at 1529.  Carrier did not address any exception to the rule

21   set forth in Prince that there can be no indemnity without liability.  Accordingly, Alkar's Motion

22   to Dismiss Foster Farms' fourth cause of action for implied contractual indemnity is GRANTED.

23        Since Foster Farms has alleged and submitted evidence that the Unitherm patent

24   infringement lawsuit was dismissed with prejudice, amendment would be futile because Foster

25   Farms cannot allege that Alkar was liable to Unitherm.  Complaint at ¶ 19 and Complaint at

26   Exhibit B and C.  Therefore, dismissal is with prejudice and without leave to amend.

27

28                                              7

1    D.    Promissory Estoppel

2    In the fifth cause of action for promissory estoppel, Foster Farms alleges that Alkar's

3    counsel requested that Foster Farms seek and secure additional concessions from Unitherm that

4    would be beneficial to Alkar and its customers.  Id. at ¶ 53.  Foster Farms alleges that these

5    additional concessions had no incremental value to Foster Farms, but Alkar's counsel stressed

6    clearly and unambiguously that Alkar's indemnification would be influenced by Foster Farms'

7    follow-through on its requests for these additional concessions from Unitherm.  Id.  In reliance

8    on the representations from Alkar, Foster Farms was induced to and did forego its claims for

9    attorneys' fees from Unitherm.  Id. at ¶ 54.  Foster Farms alleges that it was damaged by Alkar's

10   failure to indemnify because it incurred over a million dollars in direct expenses in defending

11   against the Unitherm lawsuit.  Id. at ¶ 57.

12   Under California law, a cause of action for promissory estoppel requires that plaintiff

13   show "(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by

14   the extent of the obligation assumed and not performed."  Poway Royal Mobilehome Owners

15   Ass'n v. City of Poway, 149 Cal. App. 4th 1460, 1471 (2007) (citation omitted).  Under this

16   doctrine, "a promise which the promisor should reasonably expect to induce action or

17   forbearance on the part of the promisee or a third person and which does induce such action or

18   forbearance is binding if injustice can be avoided only by enforcement of the promise."

19   Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp. Auth., 23 Cal. 4th 305, 310 (2000).

20   "[A] promise is an indispensable element of the doctrine of promissory estoppel.  The

21   cases are uniform in holding that this doctrine cannot be invoked and must be held inapplicable

22   in the absence of a showing that a promise had been made upon which the complaining party

23   relied to his prejudice."  Div. of Labor Law Enforcement v. Transpacific Transp. Co., 69 Cal.

24   App. 3d 268, 277 (1977).  The promise must be "clear and unambiguous in its terms."  Laks v.

25   Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 890 (1976).  "To be enforceable, a promise

26   need only be definite enough that a court can determine the scope of the duty, and the limits of

27

28                                               8

1    performance must be sufficiently defined to provide a rational basis for the assessment of

2    damages." Garcia v. World Sav., FSB, 183 Cal. App. 4th 1031, 1056 (2010) (internal quotation

3    marks, brackets and citations omitted).  "[A] promise that is vague, general or of indeterminate

4    application is not enforceable." Aguilar v. Int'l Longshoremen's Union Local No. 10, 966 F.2d

5    443, 446 (9th Cir. 1992) (internal quotation marks and citation omitted).

6         Foster Farms has not alleged a clear and unambiguous promise by Alkar.  Alkar's alleged

7    promise that "indemnification would be influenced" by Foster Farms securing additional

8    concessions from Unitherm is too vague to be enforceable.  The alleged promise is not definite

9    enough for the Court to determine the scope of Alkar's duties because it is unclear what was

10   required of Alkar after Foster Farms secured the concessions from Unitherm.  Therefore, Foster

11   Farms has not stated a claim for promissory estoppel.  Accordingly, Alkar's Motion to Dismiss

12   Foster Farms' fifth cause of action for promissory estoppel is GRANTED without prejudice and

13   with leave to amend.

14        E.    Unjust Enrichment

15        In the sixth cause of action for unjust enrichment, Foster Farms alleges that Alkar

16   unjustly received benefits as a result of Foster Farms' defense of the Unitherm lawsuit.

17   Complaint at ¶ 59.  Alkar contends that California does not recognize unjust enrichment as a

18   separate cause of action.  Motion at 22:18.

19        There is a split amongst California courts regarding whether unjust enrichment is an

20   independent cause of action.  Some courts have explicitly stated that "there is no cause of action

21   in California for unjust enrichment." Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779,

22   793 (2003); McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2006); Jogani v.

23   Superior Court, 165 Cal. App. 4th 901, 911 (2008).  These courts conclude that unjust

24   enrichment is "not a cause of action . . . or even a remedy, but rather a principle, underlying

25   various legal doctrines and remedies.  It is synonymous with restitution." McBride v. Boughton,

26   123 Cal. App. 4th 379, 387 (2004) (internal quotation marks and citations omitted).  However,

27

28                                              9

1   other California courts have recognized an independent cause of action for unjust enrichment.

2   <u>See</u> <u>First Nationwide Sav. v. Perry</u>, 11 Cal. App. 4th 1657, 1662-63 (1992); <u>Lectrodryer v.</u>

3   <u>SeoulBank</u>, 77 Cal. App. 4th 723, 726 (2000).

4          This Court concludes that unjust enrichment is not an independent cause of action

5   because it is duplicative of relief already available under various legal doctrines.  This conclusion

6   is in accordance with prior Eastern District of California cases and cases from other federal

7   district courts in California.  <u>See</u> <u>3W S.A.M. Tout Bois v. Rocklin Forest Prods., Inc.</u>, No.

8   2:10-cv-01070-MCE-KJN, 2011 WL 489735, at *5 (E.D. Cal. Feb. 7, 2011); <u>Boon Rawd</u>

9   <u>Trading Int'l Co., Ltd. v. Paleewong Trading Co. Inc.</u>, No. C 09-05617 WHA, 2011 WL 846639,

10  at *8 (N.D. Cal. Mar. 8, 2011); <u>Mattel, Inc. v. MGA Entm't, Inc.</u>, No. CV 04-9049 DOC

11  (RNBx), 2011 WL 1114250, at *74 (C.D. Cal. Jan. 5, 2011).  Therefore, Foster Farms' sixth

12  cause of action for unjust enrichment fails as a matter of law.  Accordingly, Alkar's Motion to

13  Dismiss Foster Farms' sixth cause of action for unjust enrichment is GRANTED with prejudice

14  and without leave to amend.

## CONCLUSION

16         IT IS HEREBY ORDERED that Alkar's Motion to Dismiss Foster Farm's Complaint is

17  GRANTED consistent with this order.  Any amended complaint must be filed within twenty-one

18  (21) days of the filing of this order.

20  IT IS SO ORDERED.

21  Dated:   __June 8, 2011__                    _____

22                                              CHIEF UNITED STATES DISTRICT JUDGE