1  Carmine R. Zarlenga (*pro hac vice*)
   Email: czarlenga@mayerbrown.com
2  MAYER BROWN LLP
   1999 K Street, NW
3  Washington, DC 20006
   Telephone: (202) 263-3000
4  Facsimile: (202) 263-3300

5
   Michael L. Resch (SBN 202909)
6  Email: mresch@mayerbrown.com
   Andrea M. Weiss (SBN 252429)
7  Email: aweiss@mayerbrown.com
   MAYER BROWN LLP
8  350 South Grand Avenue, Suite 2500
   Los Angeles, CA 90071
9  Telephone: (213) 229-9500
   Facsimile: (213) 625-0248
10
   Attorneys for Plaintiff
11 FOSTER POULTRY FARMS
   (Additional counsel listed on signature page)
12

13                     **UNITED STATES DISTRICT COURT**

14                    **EASTERN DISTRICT OF CALIFORNIA**

15                              **FRESNO DIVISION**

16 | FOSTER POULTRY FARMS,                  | ) No. 1:11-CV-00030-AWI-SMS                                |
   |                                         | )                                                           |
17 |        Plaintiff,                       | ) [Hon. Anthony W. Ishii]                                   |
   |                                         | )                                                           |
18 |   vs.                                   | ) **PLAINTIFF FOSTER POULTRY FARMS'**                       |
   |                                         | ) **NOTICE OF MOTION AND MOTION FOR**                       |
19 | ALKAR-RAPIDPAK-MP EQUIPMENT, INC.       | ) **RECONSIDERATION OF ORDER**                              |
   | and DOES 1-10,                          | ) **GRANTING MOTION TO DISMISS THE**                        |
20 |                                         | ) **FIRST, SECOND, AND THIRD CAUSES OF**                    |
   |        Defendants.                      | ) **ACTION**                                                |
21 |                                         | )                                                           |
   |                                         | ) Date: August 15, 2011                                     |
22 |                                         | ) Time: 1:30 p.m.                                           |
   |                                         | ) Courtroom: 2                                              |
23 |                                         | )                                                           |
   |                                         | ) Action Filed: December 13, 2010                           |
24 |                                         | ) Trial Date:     None Set                                  |
   |                                         | )                                                           |
25 |                                         | ) **ORAL ARGUMENT REQUESTED**                               |

26

27

28

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2011 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled Court, located at 2500 Tulare Street, Fresno, California, 93721, Plaintiff Foster Poultry Farms ("Foster Farms") will and hereby does move the Court for reconsideration of its June 8, 2011 Order granting Defendant Alkar-RapidPak-MP Equipment's ("Alkar") Motion to Dismiss as to the First, Second, and Third causes of action, and for an order amending the Court's June 8, 2011 Order to deny Alkar's motion to dismiss as to the First, Second, and Third causes of action, and to leave the June 8, 2011 Order in place as to the other causes of action.

Forster Farms brings this Motion based on the following grounds:

The Court's June 8, 2011 Order held that Foster Farms' First, Second, and Third causes of action are time-barred. In doing so, the Court relied exclusively on the statute of limitations and the accrual-upon-tender rule in California Commercial Code section 2725. The statute of limitations was not raised in Alkar's Motion to Dismiss and was not briefed by the parties in connection with that motion. Alkar did not argue the statute of limitations in its motion for good reason – California law is clear and unambiguous that the statute of limitations and accrual-upon-tender rule in section 2725 do ***not*** apply in indemnification cases such as this one:

> [I]n a case involving indemnification for damages under express or implied warranty based on a sales contract, the traditional time limitations for commencement of actions will prevail over California Uniform Commercial Code section 2725.

*Carrier Corp. v. Detrex Corp.*, 4 Cal. App. 4th 1522, 1529 (1992). Indeed, Alkar admitted in its motion that the statute of limitations and accrual-upon-tender rule do not apply here:

> For statute of limitations purposes on claims for indemnification, at least one California court has found that the statute of limitations runs from the time of discovery of the breach rather than the time of delivery of the underlying product.

ECF No. 10 at 19, n.8 (citing *Carrier*, 4 Cal. App. 4th at 1527). Because Alkar did not argue the statute of limitations in its motion, Plaintiff did not brief this issue in its opposition.

Because Foster Farms' claims are timely under the applicable statute of limitations, the Court should amend its Order to deny Alkar's motion as to the First, Second, and Third causes of action. The Court's Order granting Alkar's motion as to the Fourth, Fifth, and Sixth causes of action would stand, and Foster Farms will file an amended complaint as to the Fifth cause of action within ten days of the Court's ruling on this motion pursuant to the Court's Stipulated Order dated June 20, 2011.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and records on file in this action, and upon such other and further matters as may properly be brought before the Court.

Dated: July 6, 2011

MAYER BROWN LLP
Michael L. Resch (SBN 202909)
Email: mresch@mayerbrown.com
Andrea M. Weiss (SBN 252429)
Email: aweiss@mayerbrown.com
350 South Grand Avenue, Suite 2500
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MAYER BROWN LLP
Carmine R. Zarlenga (*pro hac vice*)
Email: czarlenga@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

ARATA, SWINGLE, SODHI & VAN EGMOND
George S. Arata (SBN 068631)
912 11th Street, First Floor
Modesto, CA 95354
Telephone: (209) 522-2211
Facsimile: (209) 522-2980

By: /s/ Michael L. Resch
    Michael L. Resch
Attorneys for Plaintiff
FOSTER POULTRY FARMS

-2-
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL BACKGROUND ...................................................................................... 3

    A. Summary Of The Complaint's Allegations .............................................................. 3

    B. Alkar's Motion To Dismiss Did Not Argue The Claims Were Time-Barred, And The Issue Was Not Addressed In The Parties' Briefs ....................................... 4

    C. The Court's June 8, 2011 Order Relied On The Accrual-Upon-Tender Rule Of California Commercial Code Section 2725 ..................................................... 4

III. THE COURT'S ORDER SHOULD BE RECONSIDERED BECAUSE IT RELIES ON A STATUTE AND A RULE THAT DO NOT APPLY IN THIS CASE ................................. 6

    A. The Court Has The Power To Reconsider And Vacate A Prior Order When Clear Error Was Committed ....................................................................................... 6

    B. California Law Is Clear That California Commercial Code Section 2725 And Its Accrual-Upon-Tender Rule Do Not Apply To Indemnification Cases .......................... 6

    C. The Rule In Carrier Applies To Foster Farms' First, Second & Third Causes Of Action ............................................................................................................................ 8

    D. The First, Second & Third Causes Of Action Are Timely Under The Applicable Statue Of Limitations ................................................................................. 10

IV. THE COURT'S ORDER SHOULD BE AMENDED TO DENY THE MOTION TO DISMISS AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION ................. 10

    A. The Court's Order Relies Exclusively On The Statute Of Limitations In Dismissing The First, Second & Third Causes Of Action ............................................. 10

    B. There Is No Other Basis To Grant The Motion To Dismiss As To The First, Second, And Third Causes Of Action ......................................................................... 11

V. CONCLUSION .................................................................................................................. 11

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Barber v. Hawaii*,
    42 F.3d 1185 (9th Cir. 1994) ................................................................................................... 6

*Broncel v. H & R Transport, Ltd.*,
    No. 1:08cv496, 2010 WL 1729787 (E.D. Cal. April 28, 2010) ........................................... 2, 6

*Cal. Pro-Life Council, Inc. v. Getman*,
    328 F. 3d 1088 (9th Cir. 2003) ................................................................................................ 7

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
    169 Cal. App. 4th 116 (2008) ............................................................................................... 5, 8

*Carrau v. Marvin Lumber and Cedar Co.*,
    93 Cal. App. 4th 281 (2001) .................................................................................................... 8

*Carrier Corp. v. Detrex Corp.*,
    4 Cal. App. 4th 1522 (1992) ............................................................................................ passim

*City of Willmar v. Short-Elliott-Hendrickson, Inc.*,
    512 N.W.2d 872 (Minn. 1994) ............................................................................................ 7, 8

*Electric Ins. Co. v. Freudenberg-NOK, Gen. P'ship*,
    487 F. Supp. 2d 894 (W.D. Ky. 2007) ................................................................................. 6, 8

*Halajian v. City of Fresno*,
    1:10cv1358, 2011 WL 720045 (E.D. Cal. Feb. 22, 2010) ................................................... 2, 6

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ..................................................................................................... 6

*United States v. Nutri-cology, Inc.*,
    982 F.2d 394 (9th Cir. 1992) ................................................................................................... 6

**STATUTES**

Cal. Code Civ. Proc. § 337 ........................................................................................................... 10

Cal. Uniform Commercial Code § 2725 ................................................................................. passim

**OTHER AUTHORITIES**

55 Cal. Jur. 3d Sales § 114 ............................................................................................................. 1

Local Rule 230(j) ............................................................................................................................ 6

# I. INTRODUCTION

On June 8, 2011, the Court granted Defendant Alkar-Rapidpak-MP Equipment, Inc.'s ("Alkar") motion to dismiss the First, Second, and Third causes of action in this case. In doing so, the Court relied exclusively on the statute of limitations and the "accrual-upon-tender rule" in California Commercial Code § 2725. ECF No. 32 (Order) at 4-6. Alkar did not argue the statute of limitations in its motion, and the parties did not brief the issue. Rather, the Court raised the statute of limitations and the accrual-upon-tender rule *sua sponte* in its Order. California law is clear that the accrual-upon-tender rule of § 2725 does **not** apply in indemnification cases such as this one. *Carrier Corp. v. Detrex Corp.*, 4 Cal. App. 4th 1522, 1529 (1992). Under the circumstances, the Court's reliance on § 2725 was clear error.

It is undisputed that Plaintiff Foster Poultry Farms seeks indemnification in this case. Complaint at ¶¶ 1, 4, 29, 37, 44. In cases seeking indemnification, the accrual-upon-tender rule does not apply:

> We therefore hold that in a case involving indemnification for damages under express or implied warranty based on a sales contract, the traditional time limitations for commencement of actions will prevail over California Uniform Commercial Code section 2725.

*Carrier*, 4 Cal. App. 4th at 1529; *see also* 55 Cal. Jur. 3d Sales § 114 ("In actions involving indemnification for damages under an express or an implied warranty based on a sales contract, the traditional time limitations for the commencement of actions prevail over the four-year period from the date of delivery prescribed by the statutory provisions governing commercial transactions for a breach of sales contract actions").

In its June 8, 2011 Order, however, the Court relied exclusively on § 2725 in granting Alkar's motion to dismiss as to the First, Second, and Third causes of action:

> A breach of contract claim that is based solely on a breach of warranty is governed by the "accrual-upon-tender rule" of California Commercial Code § 2725(2). … Foster Farms' cause of action for breach of contract is based solely on a breach of warranty and is therefore governed by the

>  accrual-upon-tender rule. … Foster Farms' cause of action for breach of contract is untimely.
>
> ***
>
> The four-year statute of limitations period and accrual upon tender rule apply for causes of action for breach of express and implied warranty in a contract for sale of goods.  Therefore, [the Second and Third causes of action] are untimely.

ECF No. 32 (Order) at 4-6 (citations omitted).

Significantly, Alkar did ***not*** assert the statute of limitations in its motion to dismiss.  To the contrary, Alkar's motion expressly acknowledged the rule announced in *Carrier*:

> For statute of limitations purposes on claims for indemnification, at least one California court has found that the statute of limitations runs from the time of discovery of the breach rather than the time of delivery of the underlying product.

ECF No. 10 (Motion) at 19, n.8 (citing *Carrier*, 4 Cal. App. 4th at 1527).  Given the foregoing, Foster Farms had no reason to address the applicability *vel non* of § 2725 in either its initial motion papers or in its reply memorandum.

Under *Carrier*, the Court's application of § 2725 here was erroneous and should be reconsidered. *See, e.g., Broncel v. H & R Transport, Ltd.*, No. 1:08cv496, 2010 WL 1729787, *2 (E.D. Cal. April 28, 2010) ("A court has discretion to reconsider and vacate a prior order"); *Halajian v. City of Fresno*, 1:10cv1358, 2011 WL 720045 (E.D. Cal. Feb. 22, 2010) ("A motion for reconsideration is appropriate where the district court … committed clear error or the initial decision was manifestly unjust").  Foster Farms suspects that Alkar will argue that the Order should stand on other grounds.  In relying exclusively on the statute of limitations and then granting Foster Farms leave to amend its claims, the Court plainly did not accept Alkar's other arguments that the claims should be dismissed with prejudice.  The Court's Order should be amended to remove any reference to § 2725 and to deny Alkar's motion to dismiss as to the First, Second, and Third causes of action.

## II.     PROCEDURAL BACKGROUND

### A.     Summary Of The Complaint's Allegations

Foster Farms has brought this action due to Alkar's refusal to honor its indemnity obligations arising from a written contract between the parties. Complaint at ¶ 1. Specifically, in January 2002 Foster Farms entered into an agreement with Alkar for the purchase of two post-pasteurization units. Complaint at ¶ 11. The Agreement included broad provisions wherein Alkar warranted against "all claims of others of any kind," including patent infringement. *Id*. at ¶ 12. Foster Farms paid more than $2.2 million for the equipment and installed it in one of its facilities. *Id*. at ¶ 1.

In May 2003, Foster Farms received a warning letter from Unitherm Food Systems, Inc. ("Unitherm"), an Alkar competitor, stating that it was seeking a patent that covered the equipment that Foster Farms had purchased from Alkar. *Id*. at ¶ 13. Foster Farms forwarded Unitherm's letter and its attachment to Alkar. *Id*. In response, Alkar's Vice President of Research and Technology, Robert Hanson, sent a letter stating that "Regarding patent issues on our equipment, Alkar-RapidPak stands behind our products – including indemnification against patent infringement." *Id*.

On or about March 17, 2009, Unitherm sued Foster Farms for patent infringement based on its use of Alkar's post-pasteurization equipment. Complaint at ¶ 15. Foster Farms notified Alkar of Unitherm's lawsuit in May 2009 and through that notification informed Alkar that Unitherm's complaint implicated the broad warranty provisions in the Agreement and Alkar's subsequent assurance in the Hanson Letter regarding its obligation to indemnify Foster Farms. *Id*. at ¶ 16. In reliance on the contractual obligations and Alkar's assurance of performance in the Hanson Letter, Foster Farms vigorously and successfully defended the Unitherm action. *Id*. at ¶¶ 17-21. Because Foster Farms had unearthed evidence that revealed Unitherm's patent was subject to an on-sale bar, Unitherm agreed to drop its case against Foster Farms and to abandon the patent. *Id*. at ¶ 18. At Alkar's request, Foster Farms obtained further concessions from Unitherm that would benefit only Alkar and its other customers, and which provided no additional benefit for Foster Farms. *Id*. at ¶ 20. In exchange, based on representations by Alkar, Foster Farms gave up its claim for attorneys' fees against Unitherm. *Id*.

Foster Farms spent approximately $1,128,000 in fees and costs defending the Unitherm lawsuit, as well as other costs associated with the defense of the case. Complaint at ¶ 21. When Foster Farms sought indemnity from Alkar for the expenses it had incurred Alkar refused to honor the indemnity obligations that it had previously confirmed. *Id*. at ¶ 22. On December 13, 2010, Foster Farms filed this action alleging six causes of action seeking indemnity from Alkar. *Id*. at ¶¶ 26-30, 34-38, 42-45.

### B. Alkar's Motion To Dismiss Did Not Argue The Claims Were Time-Barred, And The Issue Was Not Addressed In The Parties' Briefs

On February 10, 2011, Alkar moved to dismiss Foster Farms' complaint. ECF No. 10. Alkar's motion advanced a number of arguments for dismissal of Foster Farms' six causes of action. *Id*. Alkar, however, did not argue that any of Foster Farms' claims are time-barred. *Id*. While Alkar relied on California Commercial Code § 2725 for support of its contract interpretation argument that the warranty provisions in the Agreement are "limited to liens, claims and encumbrances that existed at the time of delivery of the equipment," Alkar did not rely on that statute to argue that any of Foster Farms' claims are time-barred. ECF No. 10 at 18-19. Indeed, Alkar admitted in its motion that the statute of limitations and accrual-upon-tender rule do not apply here. *Id*. at 19, n.8 ("at least one California court has found that the statute of limitations runs from the time of discovery of the breach rather than the time of delivery").

As Alkar did not argue that any of Foster Farms' claims are time-barred, the issue was not addressed in Foster Farms' opposition to Alkar's motion to dismiss. In fact, when addressing § 2725 in its opposition, Foster Farms highlighted that "Alkar is ***not*** arguing that Foster Farms' breach of warranty claim is time barred" and did not discuss the statute of limitations concept any further. ECF No. 22 at 11:9-10. Alkar did not raise any statute of limitations arguments in its reply brief, either. ECF No. 24.

### C. The Court's June 8, 2011 Order Relied On The Accrual-Upon-Tender Rule Of California Commercial Code Section 2725

On June 8, 2011, this Court issued its ruling on Alkar's motion to dismiss without hearing oral argument. The Court granted the motion as to Foster Farms' breach of contract, breach of express

-4-
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

warranty, and breach of implied warranty claims, without prejudice and with leave to amend, based exclusively on the grounds that the claims are time-barred. ECF No. 32 at 6 and 10. The Court also granted Alkar's motion as to Foster Farms' promissory estoppel claim, without prejudice and with leave to amend, finding that Foster Farms needed to allege a "clear and unambiguous promise by Alkar." *Id*. at 9. The Court granted Alkar's motion as to Foster Farms' implied contractual indemnity and unjust enrichment claims with prejudice and without leave to amend. *Id*. at 7, 10.

In determining that the claims are time-barred, the Court relied on the accrual-upon-tender rule of § 2725. *Id*. at 4-5. Specifically, the Court determined that a "breach of contract claim that is based solely on a breach of warranty is governed by the 'accrual-upon-tender rule' of California Commercial Code § 2725(2)." *Id*. (Citing *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008)). The Court went on to state the "accrual-upon-tender" rule: "Under California Commercial Code § 2725(2), a 'breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods[.]'" *Id*. at 5. Finding that "Foster Farms' cause of action for breach of contract is based solely on a breach of warranty," the Court determined the claim to be "governed by the accrual-upon-tender rule" and to be time-barred because the claim was brought more than four years after Alkar delivered its equipment to Foster Farms. *Id*.

The Court determined the breach of express warranty and breach of implied warranty claims to be "untimely for the same reasons as [the] cause of action for breach of contract." ECF No. 32 at 6. As with its finding on the breach of contract claim, the Court concluded that the "four-year statute of limitations period and accrual upon tender rule apply for causes of action for breach of express and implied warranty in a contract for sale of goods." *Id*. (citing Cal. Com. Code §§ 2725(1) and (2); *Cardinal Health*, 169 Cal. App. 4th at 129, 134). The Court granted Foster Farms leave to amend its breach of contract, breach of express warranty, and breach of implied warranty claims to allege "an equitable tolling theory or other facts indicating how [the claims] are timely." ECF No. 32 at 6.

## III. THE COURT'S ORDER SHOULD BE RECONSIDERED BECAUSE IT RELIES ON A STATUTE AND A RULE THAT DO NOT APPLY IN THIS CASE

### A. The Court Has The Power To Reconsider And Vacate A Prior Order When Clear Error Was Committed

This Court "has discretion to reconsider and vacate a prior order." *See Broncel*, 2010 WL 1729787 at *2 (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994) and *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992)). A motion for reconsideration is properly granted where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law." *Halajian*, 2011 WL 720045 at *1 (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Local Rule 230(j) requires a party seeking reconsideration to set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and " why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j). The reconsideration motion "should not merely present arguments previously raised, or which could have been raised in a previous motion." *Halajian*, 2011 WL 720045 at *1.

Here, as discussed in detail below, Foster Farms' motion for reconsideration is proper because the Court committed clear error in finding that the First, Second, and Third cause of action are time-barred based on a statute that does not apply in this case. Foster Farms acted reasonably in not previously presenting these arguments because: (1) Alkar did not argue the statute of limitations in its motion to dismiss, and (2) Alkar noted in its motion the California law showing that § 2725 does not apply here. Under these circumstances, Foster Farms had no reason or basis to present these arguments.

### B. California Law Is Clear That California Commercial Code Section 2725 And Its Accrual-Upon-Tender Rule Do Not Apply To Indemnification Cases

In California, the statute of limitations and accrual-upon-tender rule of § 2725 do **not** govern an indemnity suit where the plaintiff's rights arise from the breach of a warranty included in a contract for the sale of goods. *Carrier*, 4 Cal. App. 4th at 1527-29; *see also Electric Ins. Co. v. Freudenberg-NOK,*

-6-
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

*Gen. P'ship*, 487 F. Supp. 2d 894, 897 (W.D. Ky. 2007) (recognizing *Carrier* as articulating the state of the law in California); *City of Willmar v. Short-Elliott-Hendrickson, Inc.*, 512 N.W.2d 872, 876, n.5 (Minn. 1994) (same). In *Carrier*, the California Court of Appeal decided for the first time the issue of whether the statute of limitations and accrual-upon-tender rule of § 2725 should control a suit for indemnity that arises from allegations of a breach of warranty in a contract for the sale of goods. *Carrier*, 4 Cal. App. 4th at 1527-29. The court held:

> [I]n a case involving indemnification for damages under express or implied warranty based on a sales contract, the traditional time limitations for commencement of actions will prevail over California Uniform Commercial Code section 2725.

*Id.* at 1529.

In making that determination, the court expressly rejected the accrual-upon-tender concept of § 2725 and determined accrual happens when the plaintiff incurs damages as a result of the breach. *Id.* at 1528-29. This is so because "the indemnity claim is a separate substantive cause of action, independent of the underlying wrong," *i.e.*, independent of the breach of warranty. *Id.* at 1528 (citation omitted).

*Carrier* remains the law in California today.[1] There are no cases in California that question or overrule *Carrier*, and as set forth above, Alkar acknowledged *Carrier* in its motion. ECF No. 10 at 19, n.8. In *Carrier*, the court specifically analyzed the question of whether § 2725 applies in an indemnification action. In doing so, the court recognized there is a jurisdictional split on this issue, with courts in some states holding that the provisions of § 2725 apply to indemnity actions and courts in other states determining the provisions do not apply to such cases. *Carrier*, 4 Cal. App. 4th at 1527-29. The court expressly decided to side with those courts that have held § 2725 does not apply to indemnification actions such as this one. *Id.*

---

[1] In deciding the application of a California statute, the Court should follow precedent set by California courts regarding the application of that statute. *See, e.g.*, *Cal. Pro-Life Council, Inc. v. Getman*, 328 F. 3d 1088, 1099 (9th Cir. 2003).

-7-
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

Other courts have likewise acknowledged the jurisdictional split and have recognized that the rule in California is that the provisions of § 2725 do not apply to cases involving indemnity. For example, in considering whether Kentucky's equivalent to Section 2725 should apply to an indemnity action, the United States District Court for the Western District of Kentucky recognized the jurisdictional split and stated that California falls with the "majority of jurisdictions to answer this question," which "have held that UCC § 2-725 does not apply to such actions." *Electric Ins.*, 487 F. Supp. 2d at 897 (citing, among others, *Carrier*, 4 Cal. App. 4th 1522). Minnesota's Supreme Court has also recognized that California sides with the majority on this issue. *City of Willmar*, 512 N.W.2d at 876, n.5 ("Courts in 13 jurisdictions have held that the U.C.C. statute of limitations does not apply to contribution-indemnity actions. Those jurisdictions are California, Kansas, Maine, Maryland, Michigan, Missouri, Nebraska, New Hampshire, New York, North Carolina, Pennsylvania, Virginia and West Virginia.") (citing, among others, *Carrier*, 4 Cal. App. 4th 1522).

In finding the First, Second, and Third causes of action are time-barred, the Court did not address *Carrier*.[2] *See* ECF No. 32 at 4-6. Instead, the Court relied on two California Court of Appeal cases – *Cardinal Health* and *Carrau* – neither of which addresses or discusses *Carrier*. *Id*. Unlike *Carrier*, neither *Cardinal Health* nor *Carrau* squarely addresses the issue of whether § 2725 applies to actions for indemnity. *See Cardinal Health*, 169 Cal. App. 4th 116; *Carrau v. Marvin Lumber and Cedar Co.*, 93 Cal. App. 4th 281 (2001). As such, *Carrier* is the controlling authority on the determinative issue of law.

**C. The Rule In *Carrier* Applies To Foster Farms' First, Second & Third Causes Of Action**

As described above, the rule in *Carrier* is broadly stated to cover all actions for breach of warranty in a contract for the sale of goods where the relief sought is indemnification. Here, it is beyond question that this is an indemnification action that falls squarely under *Carrier*. The relief sought by Foster Farms on its claims for breach of contract, breach of express warranty, and breach of

---

[2] In its June 8, 2011 Order, the Court discussed *Carrier* only when analyzing Foster Farms' claim for implied contractual indemnity (the Fourth cause of action).

-8-
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS

implied warranty is indemnification. Complaint at ¶¶ 26-30, 34-38, 42-45. As *Carrier* recognized, "[t]he request for indemnification… places matters in a different light" and takes Foster Farms' claims for breach of contract, breach of express warranty, and breach of implied warranty out of the ambit of § 2725. *Carrier*, 4 Cal. App. 4th at 1527. Because the rule articulated in *Carrier* is controlling here, Foster Farms' causes of action did not begin to accrue until Alkar's breach – that is, when Alkar refused in 2010 to indemnify Foster Farms' expenses in defending Unitherm's lawsuit. The statute of limitations did *not* begin to run upon delivery of Alkar's equipment, as the Court concluded in its Order. So, the statue of limitations did *not* expire on Foster Farms' claims for breach of contract and breach of express and implied warranties four years after delivery.

The facts of the *Carrier* case are analogous to the facts here, providing further support for the application of *Carrier* to this action. In that case, the plaintiff (a manufacturer) sued the provider of a degreasing system *more than seven years after tender of delivery of the product*, after the plaintiff incurred expenses in taking pollution control measures when the degreasing system leaked solvent. *Carrier*, 4 Cal. App. 4th at 1524-26. The plaintiff sought indemnification for the expenses it had incurred, alleging the provider's breach of express and implied warranties led the plaintiff to incur those expenses. *Id*. at 1526. While the plaintiff incurred costs in taking pollution control measures, it did not become liable or pay damages to any third party. *Id*. at 1529-30. In *Carrier*, the court determined that a plaintiff need not become liable to a third party in order to seek indemnification from a defendant. *Id*.

Similarly, here, Foster Farms has alleged it incurred expenses as a result of Alkar's breach of express and implied warranties when it defended Unitherm's lawsuit, and seeks indemnity from Alkar for those expenses. Complaint at ¶¶ 15-22. The plain and unambiguous holding in *Carrier* provides that the statute of limitations and accrual-upon-tender concept of Section 2725 do not apply to breach of warranty actions where the relief sought is indemnification. In light of this controlling law, the Court's Order must be reconsidered and Alkar's motion as to the First, Second, and Third causes of action must be denied.

### D. The First, Second & Third Causes Of Action Are Timely Under The Applicable Statue Of Limitations

The applicable statute of limitations to Foster Farms' claims for breach of contract, breach of express warranty, and breach of implied warranty is four years. Cal. Code Civ. Proc. § 337 (four year statute of limitation for actions upon any "contract, obligation or liability founded upon an instrument in writing"); *see also Carrier*, 4 Cal. App. 4th at 1530 (time limitation for action similar to the present is four years pursuant to Cal. Code Civ. Proc. § 337). The statute of limitations did not begin to run until Alkar breached – *i.e.*, when Alkar refused to pay Foster Farms' expenses in defending Unitherm's action. Complaint at ¶¶ 19-22; *see also Carrier*, 4 Cal. App. 4th at 1530.

Here, after Unitherm's case was dismissed in July 2010, Alkar refused to pay Foster Farms for the expenses it had incurred in defending the Unitherm case. Complaint at ¶ 22. When Alkar refused to pay, Foster Farms incurred an injury due to Alkar's breach of its contractual obligations, so Foster Farms' claims based on Alkar's breach began to accrue. Foster Farms promptly brought this action on December 13, 2010 – well within the four-year statute of limitations pursuant to Cal. Code Civ. P. § 337. Under the applicable statute of limitations, Foster Farms' First, Second, and Third causes of action were timely filed.

## IV. THE COURT'S ORDER SHOULD BE AMENDED TO DENY THE MOTION TO DISMISS AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION

### A. The Court's Order Relies Exclusively On The Statute Of Limitations In Dismissing The First, Second & Third Causes Of Action

In granting Alkar's motion to dismiss as to Foster Farms' First, Second, and Third causes of action, the Court relied solely on its conclusion that the claims are time-barred pursuant to Commercial Code § 2725. ECF No. 32 at 6. Specifically, the Court determined that each of the claims was untimely. *Id*. The Court did not rely on any other grounds in granting the motion as to those three causes of action (*id*.), and – as set forth in detail in Foster Farms' opposition to Alkar's motion to dismiss – there are no deficiencies in the claims as alleged (ECF No. 22). In fact, the Court specifically gave Foster Farms leave to amend the claims to allege "an equitable tolling theory or other facts indicating how [the claims are] timely," which would allow the claims to proceed. ECF No. 32 at

6. Accordingly, the Order should be amended to deny Alkar's motion to dismiss as to the First, Second, and Third causes of action, leaving in place the remainder of the Court's Order.

### B. There Is No Other Basis To Grant The Motion To Dismiss As To The First, Second, And Third Causes Of Action

Foster Farms suspects that in light of *Carrier*, Alkar will try its best to persuade the Court to grant its motion on other grounds. There is no basis to do so. It is evident from the Court's June 8, 2011 Order that the Court properly rejected the grounds for dismissal that were advanced by Alkar in its motion to dismiss. ECF No. 32 at 4-6. Put another way, the sole basis for the Court's Order as to the First, Second, and Third causes of action was the statute of limitations. *Id*. In describing what Foster Farms could allege in an amended complaint, the Court did not request Foster Farms make any other additions or changes to the allegations. *Id*. Tellingly, while Alkar moved to dismiss all claims ***with prejudice*** on the grounds argued in its motion (ECF No. 10 at 3:17-19), the Court gave Foster Farms leave to amend the First, Second, Third, and Fifth causes of action (ECF No. 32 at 6, 9, 10). In giving leave to amend the first three claims, the Court properly rejected the grounds for dismissal that Alkar raised in its motion, and found that Foster Farms needed to amend its allegations only in a way that would show the claims were not in fact time-barred. *Id.* at 6 ("Foster Farms is granted leave to amend in order to allege an equitable tolling theory or other facts indicating how [the claims are] timely."). The Court's exclusive reliance on the statute of limitations coupled with its grant of leave to amend demonstrate that the Court properly rejected Alkar's request for the Court to interpret the agreement and dismiss the claims with prejudice.

### V. CONCLUSION

The Court's dismissal of the First, Second, and Third causes of action was based solely on its finding that the claims are time-barred. ECF No. 32 at 6. That finding did not take into account that under California law the statute of limitations and accrual-upon-tender rule of Commercial Code § 2725 do not apply to cases, such as this one, where indemnity is sought pursuant to claims of breach of warranty brought under a contract for the sale of goods. *Carrier*, 4 Cal. App. 4th at 1529. When the proper statute of limitations is applied, the claims are not time-barred. Foster Farms therefore

-11-

1  respectfully requests that the Court amend its ruling on Alkar's motion to dismiss, deny the motion as
2  to the First, Second, and Third causes of action, and omit any references to § 2725 from its amended
3  order. A proposed form of Order is submitted herewith.

4        The Court's June 8, 2011 Order granted Alkar's motion to dismiss as to Foster Farms'
5  promissory estoppel claim, allowing Foster Farms leave to amend its allegations on that claim. ECF
6  No. 32 at 9. Pursuant to the Stipulated Order dated June 20, 2011, Foster Farms will file its amended
7  complaint within ten days of the Court's amended order on Alkar's motion to dismiss.

9  Dated: July 6, 2011                  MAYER BROWN LLP

Michael L. Resch (SBN 202909)
Email: mresch@mayerbrown.com
Andrea M. Weiss (SBN 252429)
Email: aweiss@mayerbrown.com
350 South Grand Avenue, Suite 2500
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MAYER BROWN LLP
Carmine R. Zarlenga (*pro hac vice*)
Email: czarlenga@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

ARATA, SWINGLE, SODHI & VAN EGMOND
George S. Arata (SBN 068631)
912 11th Street, First Floor
Modesto, CA 95354
Telephone: (209) 522-2211
Facsimile: (209) 522-2980


By: /s/ Michael L. Resch
     Michael L. Resch
Attorneys for Plaintiff
FOSTER POULTRY FARMS