LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
DOLLY K. HANSEN (SBN 254826)
dolly.hansen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

Attorneys for Defendant
ALKAR-RAPIDPAK-MP EQUIPMENT, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FOSTER POULTRY FARMS,<br><br>                Plaintiff,<br><br>    v.<br><br>ALKAR-RAPIDPAK-MP EQUIPMENT, INC. and DOES 1-10,<br><br>                Defendants. | CASE NO.: 1:11-CV-00030-AWI-SMS<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Presiding:    Hon. Anthony W. Ishii<br>Action Filed:  December 13, 2010<br>Trial Date:    None Set<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Defendant Alkar-RapidPak-MP Equipment, Inc. ("Alkar") answers the First Amended Complaint ("FAC") of Plaintiff Foster Poultry Farms ("Foster Farms") as follows:

## NATURE OF THE CASE

1. Alkar admits that Alkar and Foster Farms entered into a written agreement regarding Foster Farms' purchase of post-pasteurization equipment from Alkar: "Alkar Post Pasteurization Agreement Purchase Order # 4500232063, dated January 16, 2002 (the "Purchase Agreement"). Except as expressly admitted, Alkar denies the allegations in Paragraph 1 of the FAC.

2. Paragraph 2 of the FAC purports to quote portions of the Purchase Agreement. Rather than respond to Foster Farms' characterization of the Purchase Agreement, Alkar states that the Purchase Agreement itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that Agreement. Alkar admits that: (i) the "net value" of the equipment listed in the Purchase Agreement was $2,220,197.00; (ii) Foster Farms was informed of a pending process patent that might have application to a process engaged in by Foster Farms that involved, in part, use of equipment in Foster Farms' possession; and (iii) on or around May 23, 2003, Robert Hanson, one of Alkar's Vice Presidents, sent a letter to Tim McConnell at Foster Farms (the "Hanson Letter"). Except as expressly admitted, Alkar denies the allegations in Paragraph 2 the FAC.

3. Alkar denies Foster Farms' allegations in Paragraph 3 of the FAC regarding Alkar's "contractual obligations," "promises," or "representations." Alkar admits that: (i) Unitherm Food Systems, Inc. ("Unitherm") was the owner of a patent entitled "Surface Pasteurization of Cooked Food Products," which issued on October 23, 2007, U.S. Patent No. 7,285,299 (the "Unitherm Patent"); and (ii) on March 17, 2009, Unitherm filed a patent infringement lawsuit against Foster Farms: *Unitherm Food Systems, Inc. v. Foster Poultry Farms, Inc.*, Case No. 09-cv-154-CVE-FHM (N.D. Okla.) (the "Unitherm Action"). Paragraph 3 purports to summarize the complaint in the Unitherm Action. Rather than respond to Foster Farms' characterization of the complaint in the Unitherm Action, Alkar states that the complaint itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that complaint. Alkar is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations as alleged in Paragraph 3 of the FAC, and, on that basis, the allegations are denied.

4. Alkar admits that: (i) the parties to the Unitherm Action entered a joint stipulation of dismissal on August 9, 2010, which terminated the action; and (ii) as part of the stipulated dismissal, Unitherm agreed to forfeit certain other pending patent applications that were rendered invalid as a result of its forfeiture of the Unitherm Patent. Except as expressly admitted, Alkar denies the allegations in Paragraph 4 of the FAC.

5. Alkar denies Foster Farms' allegations in Paragraph 5 of the FAC regarding Alkar's "contractual obligations," "subsequent representations," or any "benefits conferred upon Alkar" as a result of the Unitherm litigation. Alkar admits that, around the time that the Unitherm Action was dismissed, Foster Farms approached Alkar seeking indemnification for costs Foster Farms incurred in litigating the Unitherm Action. Alkar is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Foster Farms' "tenacity" in litigating the Unitherm Action. The remainder of Paragraph 5 in the FAC asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, except as expressly admitted, all allegations in Paragraph 5 of the FAC are denied.

## PARTIES

6. Alkar is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the FAC and, on that basis, the allegations are denied.

7. Alkar admits the allegations in Paragraph 7 of the FAC.

8. Paragraph 8 of the FAC sets forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, all allegations in Paragraph 8 of the FAC are denied.

## JURISDICTION AND VENUE

9. Alkar admits the allegations in Paragraph 9 of the FAC.

10. Alkar admits the allegations in Paragraph 10 of the FAC.

ANSWER TO FIRST AMENDED COMPLAINT

## STATEMENT OF FACTS

11.  Paragraph 11 of the FAC purports to paraphrase from the Purchase Agreement as to the function of the equipment under the Agreement.  Rather than respond to Foster Farms' characterization of the Purchase Agreement, Alkar states that the Purchase Agreement itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that Agreement. Alkar is without sufficient knowledge or information to form a belief as to the truth of information regarding other equipment suppliers as alleged in Paragraph 11 of the FAC, and, on that basis, the allegations are denied.

12.  Alkar admits that:  (i) Alkar provided a bid to Foster Farms for the sale of post-pasteurization equipment; and (ii) Foster Farms ultimately chose to purchase such equipment from Alkar.  Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the FAC and, on that basis, the allegations are denied.

13.  Alkar denies Foster Farms' allegations in Paragraph 13 of the FAC regarding Alkar's "representations."  Alkar admits that:  (i) following negotiations and communications, Alkar and Foster Farms entered into the Purchase Agreement; (ii) the President of Foster Farms signed the Purchase Agreement on or around February 19, 2002; and (iii) the President of Alkar signed the Purchase Agreement on or around March 4, 2012.  Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the FAC and, on that basis, the allegations are denied.

14.  Paragraph 14 of the FAC purports to quote portions of the Purchase Agreement. Rather than respond to Foster Farms' characterization of the Purchase Agreement, Alkar states that the Purchase Agreement itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that Agreement.  Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the FAC and, on that basis, the allegations are denied.

15.  Alkar is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the FAC and, on that basis, the allegations are denied.

16. Alkar admits that, on or around May 23, 2003, Robert Hanson sent the Hanson Letter to Tim McConnell at Foster Farms. Paragraph 16 of the FAC purports to quote portions of the Hanson Letter. Rather than respond to Foster Farms' characterization of the Hanson Letter, Alkar states that the Hanson Letter itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that letter. Except as expressly admitted, Alkar denies the allegations in Paragraph 16 of the FAC.

17. Alkar denies Foster Farms' allegations in Paragraph 17 of the FAC regarding "Alkar's promise." Alkar admits that, on or around May 23, 2003, Robert Hanson sent the Hanson Letter to Tim McConnell at Foster Farms. Paragraph 17 of the FAC purports to quote portions of the Hanson Letter. Rather than respond to Foster Farms' characterization of the Hanson Letter, Alkar states that the Hanson Letter itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that letter. Paragraph 17 of the FAC also sets forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, except as expressly admitted, all allegations in Paragraph 17 of the FAC are denied.

18. Alkar denies Foster Farms' allegations in Paragraph 18 of the FAC regarding Alkar's "promises." Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the FAC and, on that basis, the allegations are denied.

19. Alkar denies the allegations in Paragraph 19 of the FAC.

20. Alkar admits that: (i) it filed a protest against Unitherm's unpublished patent application; (ii) one of the bases for Alkar's protest was the existence of prior art; and (iii) the Unitherm Patent issued on October 23, 2007. Except as expressly admitted, Alkar denies the allegations in Paragraph 20 of the FAC.

21. Alkar admits that, on March 17, 2009, Unitherm filed the Unitherm Action against Foster Farms. Alkar is without sufficient knowledge or information to form a belief as to the truth of Foster Farms' allegation regarding the date of service of the Unitherm Action complaint and, on that basis, the allegations are denied. Except as expressly admitted, Alkar denies the allegations in Paragraph 21 of the FAC.

22. Alkar admits that, on or around May 21, 2009, Randall C. Boyce of Foster Farms sent a letter to Tim Moskal at Alkar purporting to attach: (1) a complaint; (2) the Purchase Agreement; and (3) the Hanson Letter. Except as expressly admitted, Alkar denies the allegations in Paragraph 22 of the FAC.

23. Alkar admits that, on or around July 10, 2009, Alkar and Foster Farms entered into the "Agreement of Common Interest, Joint Defense and Tolling of Rights" (the "Tolling Agreement"). Paragraph 23 of the FAC purports to quote portions of the Tolling Agreement. Rather than respond to Foster Farms' characterization of the Tolling Agreement, Alkar states that the Tolling Agreement itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that Agreement. Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the FAC and, on that basis, the allegations are denied.

24. Alkar denies Foster Farms' allegations in Paragraph 24 of the FAC regarding "Alkar's contractual obligations and representations." Alkar admits that, apart from its own costs incurred in providing assistance to Foster Farms in its litigation of the Unitherm Action, Alkar did not pay the costs that Foster Farms incurred in litigating the Unitherm Action. Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the FAC and, on that basis, the allegations are denied.

25. Alkar admits that: (i) the Unitherm Patent was rendered invalid as a result of an "on-sale bar;" (ii) the parties to the Unitherm Action entered a joint stipulation of dismissal on August 9, 2010, which terminated the action; (iii) Unitherm subsequently forfeited the Unitherm Patent, which is now unenforceable; and (iv) as part of the stipulated dismissal, Unitherm agreed to forfeit certain other pending patent applications that were rendered invalid as a result of its forfeiture of the Unitherm Patent. Alkar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 of the FAC and, on that basis, the allegations are denied.

26. Alkar admits that: (i) the parties to the Unitherm Action entered a joint stipulation of dismissal on August 9, 2010, which terminated the action; and (ii) as part of the stipulated

1  dismissal, Unitherm agreed to forfeit certain other pending patent applications that were rendered
2  invalid as a result of its forfeiture of the Unitherm Patent.  Except as expressly admitted, Alkar
3  denies the allegations in Paragraph 26 of the FAC.

4      27.    Alkar denies Foster Farms' allegations in Paragraph 27 of the FAC regarding
5  Alkar's "promises."  Alkar is without sufficient knowledge or information to form a belief as to the
6  truth of the remaining allegations in Paragraph 27 of the FAC and, on that basis, the allegations are
7  denied.

8      28.    Alkar admits that, apart from its own costs incurred in providing assistance to Foster
9  Farms in its litigation of the Unitherm Action, Alkar did not pay the costs that Foster Farms
10 incurred in litigating the Unitherm Action.  Except as expressly admitted, Alkar denies the
11 allegations in Paragraph 28 of the FAC.

## ANSWER TO FIRST CAUSE OF ACTION

13     29.    Alkar incorporates its responses to Paragraphs 1 through 28 of the FAC as though
14 fully set forth herein.

15     30.    Alkar admits that Alkar and Foster Farms entered into the Purchase Agreement.

16     31.    Alkar is without sufficient knowledge or information to form a belief as to the truth
17 of the allegations in Paragraph 31 of the FAC and, on that basis, the allegations are denied.

18     32.    Paragraph 32 of the FAC purports to quote portions of the Purchase Agreement.
19 Rather than respond to Foster Farms' characterization of the Purchase Agreement, Alkar states that
20 the Purchase Agreement itself is the best evidence of its content, and respectfully refers the Court
21 and Foster Farms to that Agreement.  Except as expressly admitted, Alkar denies the allegations in
22 Paragraph 32 of the FAC.

23     33.    Alkar admits that, on or around May 23, 2003, Robert Hanson sent the Hanson
24 Letter to Tim McConnell at Foster Farms.  Paragraph 33 of the FAC purports to quote portions of
25 the Hanson Letter.  Rather than respond to Foster Farms' characterization of the Hanson Letter,
26 Alkar states that the Hanson Letter itself is the best evidence of its content, and respectfully refers
27 the Court and Foster Farms to that letter.  Except as expressly admitted, Alkar denies the
28 allegations in Paragraph 33 of the FAC.

34. Alkar denies the allegations in Paragraph 34 of the FAC.

35. Paragraph 35 of the FAC sets forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, all allegations in Paragraph 35 of the FAC are denied.

36. Paragraph 36 of the FAC sets forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, all allegations in Paragraph 36 of the FAC are denied.

## ANSWER TO SECOND CAUSE OF ACTION

37. Alkar incorporates its responses to Paragraphs 1 through 36 of the FAC as though fully set forth herein.

38. Alkar admits that Alkar and Foster Farms entered into the Purchase Agreement. Paragraph 38 of the FAC purports to quote portions of the Purchase Agreement. Rather than respond to Foster Farms' characterization of the Purchase Agreement, Alkar states that the Purchase Agreement itself is the best evidence of its content, and respectfully refers the Court and Foster Farms to that Agreement. Except as expressly admitted, Alkar denies the allegations in Paragraph 38 of the FAC.

39. Alkar admits the allegations in Paragraph 39 of the FAC.

40. Alkar denies that it provided equipment to Foster Farms under the Purchase Agreement that was subject to a claim of patent infringement from Unitherm at the time of delivery. Alkar is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Foster Farms' "use" of Alkar's equipment pursuant to the Purchase Agreement and, on that basis, the allegations are denied. The remaining allegations in Paragraph 40 of the FAC set forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, all allegations in Paragraph 40 of the FAC are denied.

41. Alkar admits that: (i) on March 17, 2009, Unitherm filed the Unitherm Action against Foster Farms; and (ii) on or around May 21, 2009, Randall C. Boyce of Foster Farms sent a letter to Tim Moskal at Alkar purporting to attach: (1) a complaint; (2) the Purchase Agreement;

and (3) the Hanson Letter.  Except as expressly admitted, Alkar denies the allegations in Paragraph 41 of the FAC.

42.    Alkar admits that:  (i) the parties to the Unitherm Action entered a joint stipulation of dismissal on August 9, 2010, which terminated the action; and (ii) as part of the stipulated dismissal, Unitherm agreed to forfeit certain other pending patent applications that were rendered invalid as a result of its forfeiture of the Unitherm Patent.  Except as expressly admitted, Alkar denies the allegations in Paragraph 42 of the FAC.

43.    Alkar admits that:  (i) the parties to the Unitherm Action entered a joint stipulation of dismissal on August 9, 2010, which terminated the action; and (ii) around the time that the Unitherm Action was dismissed, Foster Farms approached Alkar seeking indemnification for costs Foster Farms incurred in litigating the Unitherm Action.  Except as expressly admitted, Alkar denies the allegations in Paragraph 43 of the FAC.

44.    Paragraph 44 of the FAC sets forth legal conclusions as to which no response is required.  To the extent response is deemed necessary, all allegations in Paragraph 44 of the FAC are denied.

### ANSWER TO THIRD CAUSE OF ACTION

Having been dismissed with prejudice on April 11, 2012, the claims set forth in the third cause of action (Fraud), and the underlying allegations in Paragraphs 45 through 54 of the FAC, are no longer before the Court.  (Dkt. 56.)  Accordingly, no response is required.

### ANSWER TO FOURTH CAUSE OF ACTION

Having been dismissed with prejudice on April 11, 2012, the claims set forth in the fourth cause of action (Negligent Misrepresentation), and the underlying allegations in Paragraphs 55 through 62 of the FAC, are no longer before the Court.  (Dkt. 56.)  Accordingly, no response is required.

### ANSWER TO FIFTH CAUSE OF ACTION

Having been dismissed with prejudice on April 11, 2012, the claims set forth in the fifth cause of action (Breach of Contract – May 2003 Agreement), and the underlying allegations in

Paragraphs 63 through 70 of the FAC, are no longer before the Court. (Dkt. 56.) Accordingly, no response is required.

### ANSWER TO SIXTH CAUSE OF ACTION

Having been dismissed with prejudice on April 11, 2012, the claims set forth in the sixth cause of action (Promissory Estoppel), and the underlying allegations in Paragraphs 71 through 82 of the FAC, are no longer before the Court. (Dkt. 56.) Accordingly, no response is required.

### PRAYER

In response to the section following Paragraph 82 of the FAC entitled "Prayer," and each of its subparts, Alkar denies that Foster Farms is entitled to any of the relief requested.

### GENERAL DENIAL

Any allegation in Foster Farms' FAC not specifically admitted, including but not limited to any subpart or heading, is hereby denied.

\*   \*   \*

### AFFIRMATIVE DEFENSES

Alkar alleges the following affirmative defenses to the allegations set forth in the FAC. By alleging the matters set forth in these defenses, Alkar does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

The FAC, and the two remaining cause of action therein, fails to state facts sufficient to constitute a cause of action against Alkar. Alkar acknowledges that this Court has previously denied its motion to dismiss the first and second causes of action set forth in Foster Farms' original Complaint, concluding that Foster Farms must be given "an opportunity to present extrinsic evidence as to the intention of the parties in drafting the contract." Alkar reserves the right to re-raise the arguments set forth in its motion to dismiss, and any other defects in the FAC, when appropriate.

## SECOND AFFIRMATIVE DEFENSE
(Full Performance)

Foster Farms' claims fail because Alkar fully performed all of its obligations required under the Purchase Agreement.

## THIRD AFFIRMATIVE DEFENSE
(Express Warranties)

Each of Foster Farms' causes of action is barred by the language of the express warranties under the Purchase Agreement.

## FOURTH AFFIRMATIVE DEFENSE
(Limitation of Remedies)

The remedies that Foster Farms may pursue are limited by the Purchase Agreement.

## FIFTH AFFIRMATIVE DEFENSE
(Consent – California Civil Code Section 3515)

Foster Farms' claims are barred, in whole or in part, by the doctrine of consent. Foster Farms consented to the language of the contractual provisions in the Purchase Agreement following negotiations and communications between the parties. Foster Farms also consented to foregoing attorneys' fees and/or costs in the Unitherm Action and, thus, their claims are barred.

## SIXTH AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Foster Farms assumed the risk of any losses they may have occurred. Foster Farms consented to the language of the contractual provisions in the Purchase Agreement following negotiations and communications between the parties. Foster Farms also consented to foregoing attorneys' fees and/or costs in the Unitherm Action and, thus, their claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Mutuality Consent)

To the extent that the Purchase Agreement is alleged to be modified in any way, if at all, any such modification of the Purchase Agreement between Alkar and Foster Farms is unenforceable because it lacks mutual consent.

### EIGHTH AFFIRMATIVE DEFENSE
(Lack of Consideration)

To the extent that the Purchase Agreement is alleged to be modified in any way, if at all, any such modification of the Purchase Agreement between Alkar and Foster Farms is unenforceable because it lacks consideration.

### NINTH AFFIRMATIVE DEFENSE
(Good Faith)

Foster Farms' claims are barred because Alkar acted in good faith at all times referred to in the FAC.

### TENTH AFFIRMATIVE DEFENSE
(Laches)

Foster Farms' claims against Alkar are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE
(Waiver)

Foster Farms' claims against Alkar are barred, in whole or in part, by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE
(Estoppel)

Foster Farms' claims against Alkar are barred, in whole or in part, by the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

To the extent that Foster Farms has been damaged, if at all, its failure to mitigate damages bars recovery in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Speculative Damages)

The damages, if any, of Foster Farms are speculative or uncertain and, therefore, are not compensable.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Plaintiff's Own Conduct)

The damages, if any, suffered by Foster Farms are attributable to Foster Farms' own conduct, deeds, words, acts, and/or omissions and not to Alkar and, therefore, are not compensable.

### SIXTEENTH AFFIRMATIVE DEFENSE
(No Attorney's Fees)

Foster Farms is not entitled to an award of attorney's fees under any statute, theory, or case law authority.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(No Basis for Punitive Damages)

Without admitting in any way that Foster Farms has a cause of action against Alkar, Alkar alleges that the FAC, and each cause of action therein, fails to a state cause of action upon which punitive or exemplary damages could be awarded. Foster Farms is thereby barred from recovering such damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

To the extent that Foster Farms' FAC purports to allege a claim for relief on equitable grounds, Foster Farms has an adequate remedy at law.

### NINETEENTH AFFIRMATIVE DEFENSE
(Unconscionability – California Civil Code Section 1670.5)

Foster Farms' claims are barred, in whole or in part, by the doctrine of unconscionability.

### TWENTIETH AFFIRMATIVE DEFENSE
(Uncertainty of Pleading)

Foster Farms' claims are barred by the doctrine of uncertainty of pleading. Foster Farms' claims include ambiguous or unintelligible assertions and, therefore, their claims are barred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Frustration of Purpose)

Foster Farms' claims are barred in whole, or in part, due to frustration of the purpose of the Purchase Agreement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Parol Evidence Rule)

Foster Farms' claims are barred in whole, or in part, due to the Parol Evidence Rule.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Additional Defenses)

Alkar reserves its right to add additional affirmative defenses as they become known during the course of the litigation.

**JURY TRIAL DEMAND**

Alkar demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Alkar respectfully requests that:

(a)  Foster Farms take nothing by its First Amended Complaint and that the First Amended Complaint be dismissed in its entirety with prejudice;

(b)  Alkar be awarded the costs and expenses incurred in investigating and defending this lawsuit; and

(c)  Alkar be awarded such other and further relief as this Court may deem just and proper.

Dated:  May 4, 2012

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  /s/ Lance A. Etcheverry
     Lance A. Etcheverry

Attorneys for Defendant
ALKAR-RAPIDPAK-MP EQUIPMENT, INC