LANCE A. ETCHEVERRY (SBN 199916)
Lance.Etcheverry@skadden.com
DOLLY K. HANSEN (SBN 254826)
Dolly.Hansen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

Attorneys for Defendant
ALKAR-RAPIDPAK-MP EQUIPMENT, INC.

MAYER BROWN LLP
Michael L. Resch (SBN 202909)
mresch@mayerbrown.com
Barrett L. Schreiner (SBN 266617)
bschreiner@mayerbrown.com
350 South Grand Avenue, Suite 2500
Los Angeles, CA 90071
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Plaintiff
FOSTER POULTRY FARMS
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FOSTER POULTRY FARMS, | CASE NO.: 1:11-CV-00030-AWI-SMS |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| v. | |
| ALKAR-RAPIDPAK-MP EQUIPMENT, INC. and DOES 1-10, | |
| Defendants. | |

# STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26 and Eastern District Local Rule 141.1, Plaintiff Foster Poultry Farms ("Foster Farms") and Defendant Alkar-RapidPak-MP Equipment, Inc. ("Alkar") (collectively, the "Parties") in the above-captioned action (the "Litigation"), by and through their respective undersigned counsel, hereby stipulate that discovery or disclosure in this case of specified confidential, commercially sensitive, and/or proprietary information shall be subject to the following Stipulated Protective Order.

## GOOD CAUSE STATEMENT

In this Litigation, Foster Farms has alleged, and Alkar disputes, that Alkar is required to indemnify Foster Farms for, among other things, the expenses Foster Farms incurred in defending an action for patent infringement: *Unitherm Food Systems, Inc. v. Foster Poultry Farms, Inc.*, N.D. Okla. Case No. 09CV-154-CVE-FHM, filed March 17, 2009 (the "Unitherm Action").

The Parties believe that they may be required to produce or disclose in the Litigation, and that non-parties may produce or disclose, information that one or more of them contend contains information of a confidential, commercially sensitive, and/or proprietary nature and that, if disclosed in this Litigation without restriction on its use or further disclosure, it may cause disadvantage, harm, damage and/or loss to the disclosing party or non-parties. Among other things, as part of the Litigation, Foster Farms has requested the production of documents regarding certain communications and/or sales to Alkar customers that are non-parties. In addition, the Parties are currently in a customer-seller relationship and anticipate the possibility that information such as terms of payments, customer pricing, equipment specifications, or confidential research, development, or other commercial information may be produced or disclosed in this Litigation. The Parties further anticipate the possibility that non-party competitor information may be produced or disclosed in the Litigation.

The documents that are the subject of the Protective Order include the following categories:

(a) Personnel files and other private or confidential employment records or information. *See Board of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 526 (1981) (stating it is

"manifest" that the personnel, tenure, and promotion files of a professor are private and maintained in confidence).

    (b)    Confidential business or commercial information as referenced in Federal Rule of Civil Procedure 26(c)(1)(G),[1] including without limitation information relating to specific customer information, financial information, sales records, customer quotes or proposals, customer lists, terms of payment, pricing, costs, profits, or other sales information for specific equipment, products, or parts.

    (c)    Confidential commercial research or development as referenced in Federal Rule of Civil Procedure 26(c)(1)(G), including without limitation study results, production summaries, process development and troubleshooting, field reports, or other technical development data or information.

    (d)    Information subject to a separate protective order or confidentiality agreement.

The Parties further believe that the need for protection should be addressed by a Court order, as opposed to a private agreement between and among the parties to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential, commercially sensitive, and/or proprietary information. In addition, the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. Finally, in the Parties' experience, a court-sanctioned protective order provides additional comfort and protections to third parties that may be asked to produce sensitive information in the Litigation.

### 1. LIMITATIONS

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited specified categories of information or items that are entitled to

---

[1] *See* Fed. R. Civ. P. 26(c)(1)(G) (allowing the Court to issue a protective order, for good cause, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way")

confidential treatment under the applicable legal principles.  The Parties further acknowledge that, as set forth in Section 12.3 below, the Protective Order does not entitle them to file confidential information under seal; Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items:  the specified categories of information listed above under (a)-(d) that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" the disclosure of which would create a substantial risk of serious harm to the competitive position of the Designating Party that could not be avoided by less restrictive means, including, but not limited to:  (i) marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information; (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

2.4 Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.6 Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to

discovery in this matter.

2.7   Expert:  a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8   In-House Counsel:  attorneys who are employees of a party to this action and support staff.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity which is not a Party.

2.10   Outside Counsel of Record:  attorneys and support staff who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.15   Receiving Party:  a Party that receives Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) any notes relating to Protected Material (subject to the provisions of Eastern District Local

Rule 141).  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Pursuant to Eastern District Local Rule 141.1(b)(2), any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating

Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of a document that contains protected material.

      A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material, as if marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY") to each page of a document that contains Protected Material.

      (b)    <u>for testimony given in deposition or in other pretrial proceedings</u>, that within 21 days after receipt of a copy of the deposition transcript, the Designating Party must identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the a copy of the deposition transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  During the 21-day

period, all testimony shall be deemed Protected Material, as if marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, any Party may file and serve a motion under Eastern District Local Rules 141.1 and 251 within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

-8-
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

   (b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d)   the Court and its personnel;

   (e)   court reporters and their staff; and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise objected to by the Designating Party or ordered by the Court.  Pages

of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information.

    7.3    <u>Disclosure of "CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

        (b)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)    the Court and its personnel;

        (d)    court reporters and their staff; and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        (e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information.

        (f)    Any "Acknowledgment and Agreement to Be Bound" signed by persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

/ / /

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Any inadvertent disclosure or production of materials subject to the work product doctrine, the attorney-client privilege, or any other applicable privilege or protection shall not constitute or be deemed a waiver of any such privilege or protection, provided that the Producing Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced.  A party who receives any inadvertently disclosed information may not use or disclose such information in this or any other proceeding or to any third party.  Within five (5) business days after receiving notification or otherwise learning of the inadvertent disclosure or production, the Receiving Party shall certify in writing that it has destroyed or returned all copies of the inadvertently disclosed or produced information, including any summaries thereof.  Within five (5) business days after the receipt of the Receiving Party's confirmation that it has destroyed or returned all copies of the inadvertently disclosed or produced information, the Producing Party shall provide the Receiving Party with a record (i.e., privilege log) establishing the privileged or protected nature of the inadvertently disclosed information.  The Producing Party must preserve a copy of all such inadvertently disclosed information.  Notwithstanding the foregoing, the Receiving Party may move the Court for an order compelling production of the inadvertently produced information on the ground that it is not, in fact, privileged or protected; however, the moving party may not assert the circumstances surrounding the inadvertent disclosure as a ground for entering such an order.  Any such motion

must be filed within five (5) business days of receipt of the privilege log and under seal, if appropriate.  The Producing Party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed or produced information.  Nothing herein shall otherwise limit the right of any party to petition the Court for an *in camera* review of the inadvertently disclosed or produced information to determine whether the information is privileged or protected.  Nothing herein modifies counsel's ethical obligations in connection with handling information it believes constitutes privileged information of the other party.

12. <u>MISCELLANEOUS</u>

    12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Eastern District Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

    12.4    <u>Applicable Law</u>.  The Order is subject to the Local Rules of the Eastern District of California and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    12.5    <u>Agreement of the Parties</u>.  If the Court does not sign and enter this Protective Order for any reason, the parties to this Protective Order shall remain bound by all of its terms and provisions, except as otherwise provided by governing law or by any subsequent Court order in this Litigation.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, or such other time to be agreed upon by the parties and ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated:  December 11, 2012

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  /s/ Lance A. Etcheverry
       Lance A. Etcheverry

Attorneys for Defendant
ALKAR-RAPIDPAK-MP EQUIPMENT, INC

Dated:  December 17, 2012

MAYER BROWN LLP
Michael L. Resch (SBN 202909)
Email: mresch@mayerbrown.com
Barrett L. Schreiner (SBN 202909)
Email:  bschreiner@mayerbrown.com
350 South Grand Avenue, Suite 2500

-14-
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

Los Angeles, CA 90071
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
Carmine R. Zarlenga (*pro hac vice*)
Email: czarlenga@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Telephone:  (202) 263-3000
Facsimile:  (202) 263-3300


By: /s/ Michael L. Resch
    Michael L. Resch

Attorneys for Plaintiff
FOSTER POULTRY FARMS

### **ORDER**

Based on the above Stipulation, and good cause appearing, **IT IS SO ORDERED.**


DATED:  12/20/2012          /s/ SANDRA M. SNYDER

                            UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 2012 in the case *Foster Poultry Farms v. Alkar-RapidPak-MP Equipment, Inc.* (Case No. 1:11-00030-AWI-SMS).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2012

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-1-
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER