IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS,<br><br>            Plaintiff,<br><br>    v.<br><br>ALKAR-RAPIDPAK-MP EQUIPMENT,<br>INC. and DOES 1-10,<br><br>            Defendants. | 1:11-CV-00030 AWI SMS<br><br>ORDER DENYING<br>PLAINTIFF'S REQUEST FOR<br>RECONSIDERATION OF<br>MAGISTRATE JUDGE'S<br>RULING<br><br>(Doc. 74) |

On August 13, 2012, Plaintiff Foster Poultry Farms moved for leave to amend its complaint to allege additional claims for promissory estoppel, breach of contract, and fraud. *See* Court's Docket, Doc. No. 64. On December 7, 2012, the Magistrate Judge denied Plaintiff's motion. *Id.* at Doc. No. 71. Currently pending is Plaintiff's request for reconsideration of the Magistrate Judge's ruling. *Id.,* Doc. No. 74. For the reasons set forth below, Plaintiff's request is denied.

## BACKGROUND[1]

According to the First Amended Complaint ("FAC"), in January 2002, Plaintiff, a producer of poultry products, and Defendant, a manufacturer of equipment and systems for cooking, chilling, and pasteurizing poultry and meat products, entered into a written agreement

---

[1] A more detailed factual background is set forth in the Court's prior order on Defendant's motion to dismiss the First Amended Complaint. *See* Court's Docket, Doc. No. 56.

for Plaintiff's purchase from Defendant of equipment to pasteurize pre-cooked turkey products. The agreement included a broad provision by which Defendant warranted the equipment against "all claims of others of any kind," including patent infringement.

Following installation of the system, Unitherm Food Systems, Inc., Defendant's competitor, notified Plaintiff of a pending patent that might have application to Defendant's equipment. Plaintiff advised Defendant of the threat. On May 23, 2003, Robert Hanson, Defendant's Vice President of Research and Technology sent a responsive letter to Plaintiff (the "Hanson Letter") appending a three-paragraph indemnification clause, which did not appear in the original agreement between the parties. The Unitherm patent issued on October 23, 2007, and on March 17, 2009, Unitherm filed suit against Plaintiff alleging patent infringement. Plaintiff notified Defendant of the lawsuit. In order to facilitate the defense of Unitherm's lawsuit, on July 10, 2009, Plaintiff and Defendant entered into an "Agreement of Common Interest, Joint Defense, and Tolling Rights" (the "Tolling Agreement"), stating, in relevant part: "The Parties further recognize that unresolved issues exist between them relating to certain indemnities for and warranties against patent infringement, and the rights and liabilities appurtenant thereto." FAC ¶ 23.

During the pendency of the lawsuit, Defendant paid no expenses or fees to Plaintiff as indemnification. The FAC alleged that, based on the contractual provisions, and Hanson's representations, Plaintiff assumed that Defendant would indemnify its costs and that it incurred legal fees and expenses totaling approximately $1,128,000 in its defense of the lawsuit. Through diligent investigation, Plaintiff uncovered evidence that Unitherm had marketed the patented invention before applying for the patent, thus invalidating the patent. On August 9, 2010, Plaintiff and Unitherm filed a joint stipulation of dismissal with prejudice. The settlement included concessions that Plaintiff claims to have secured at Defendant's behest, which benefitted Defendant and its other customers, but not Plaintiff. Assuming its expenses to be indemnified by Defendant, Plaintiff secured the concessions by foregoing its own claim for fees

and expenses from Unitherm. Following the settlement, Plaintiff sought recoupment of its expenses, which Defendant refused to provide, giving rise to the instant action.

On January 16, 2012, Defendant moved to dismiss Plaintiff's FAC. Following briefing by both parties, on April 11, 2012, the Court dismissed with prejudice Plaintiff's claims of fraud, negligent misrepresentation, breach of contract based on the Hanson letter, and promissory estoppel. Defendant answered the FAC on May 4, 2012. On August 13, 2012, Plaintiff moved for leave to file a proposed Second Amended Complaint ("SAC"). According to the proposed SAC, on an unspecified date after Unitherm filed its lawsuit, Yubert Envia, Plaintiff's Vice President of Turkey and Prepared Foods, called Tim Moskal, Defendant's Vice-President of Sales. Mr. Moskal assured Mr. Envia that Unitherm's patent was not valid and that Defendant would pay Plaintiff for any expenses it incurred in defending the lawsuit. Plaintiff's proposed SAC sought to add claims for breach of contract, promissory estoppel, and fraud based on Mr. Moskal's representation to Mr. Envia. The Magistrate Judge denied Plaintiff's motion, and Plaintiff now seeks reconsideration.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to file and serve objections to a Magistrate Judge's nondispositive order within fourteen days. *See* Fed. R. Civ. P. 72(a). In this court, these objections are treated as a motion for reconsideration by the assigned District Court Judge. *See* Local Rule 72-303.

Motions to reconsider are committed to the discretion of the trial court. *See Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Local Rule 78-230(j) requires the party seeking reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

The court reviews a motion to reconsider a Magistrate Judge's ruling on a nondispositive

3

motion under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). *See* Fed. R. Civ. P. 72(a); Local Rule 72-303(f). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Anderson v. Equifax Info. Services LLC*, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.") Some district courts have described the court's duty on a motion for reconsideration as follows:

> This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.

*Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, 2007 WL 4357672, at *2 (S.D.Cal. 2007) (quoting *Paramount Pictures Corp. v. Replay TV*, 2002 WL 32151632, at * 1 (C.D.Cal.2002)).

## DISCUSSION

### A.     Ruling By Magistrate Judge

Federal Rule of Civil Procedure 15(a) provides that if a party has already amended its pleading once as a matter of course, further amendment requires the consent of the adverse party, or leave of the court. *See* Fed. R. Civ. P. 15(a). In general, courts should exercise their discretion to permit amendment with "extreme liberality" when justice so requires. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). If the court has already granted a plaintiff leave to amend, however, the court's discretion in determining whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.

3d 616, 622 (9th Cir. 2004) (quoting *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). "[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir.. 2006) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990)). These factors, however, are not of equal weight. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1986). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387. "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities." *Leighton*, 833 F.2d at 186 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

In this case, the Magistrate Judge denied Plaintiff's motion for leave to amend, finding that the proposed amendment was futile and untimely. *See* Court's Docket, Doc. No. 71 at 10-11. First, the Magistrate Judge determined that the proposed SAC failed to set forth cognizable claims of fraud, promissory estoppel, and breach of contract related to Mr. Moskal and Mr. Envia's telephone conversation. The Magistrate Judge found that Plaintiff could not have justifiably relied on the alleged statements by Mr. Moskal in light of the Tolling Agreement executed by the parties, and that Plaintiff failed to plead facts sufficient to state a claim for fraud promissory estoppel, or breach of contract. Moreover, she found that Plaintiff had "failed to advance its contentions in a timely manner, despite its claims of having long had knowledge of the facts on which the new contentions are based." *Id.* at 18. Finally, the Magistrate Judge found that allowing the amendment would prejudice Defendant because it would unnecessarily delay the resolution of the case, require unnecessary expenditures by both parties, and impose additional burdens on a busy court.

**B.    Plaintiff's Argument for Reconsideration**

Plaintiff raises a number of arguments for reconsidering the Magistrate Judge's order. First, Plaintiff contends the order was erroneous because amendment would not have been futile.

5

Specifically, Plaintiff argues the Magistrate Judge used the wrong legal standard in evaluating the factual sufficiency of the pleadings, and improperly disregarded its allegations as to the proper interpretation of the Tolling Agreement. Plaintiff also contends it did not unduly delay the filing of its motion because it always believed the fraudulent conduct alleged in the proposed SAC would and could have been offered as evidence of the scheme alleged in the FAC. Plaintiff argues that allowing it to file the proposed SAC would not prejudice Defendant because litigation is still in its early stages. Lastly, Plaintiff contends the Magistrate Judge erred in finding routine litigation costs prejudicial.

**C.     Analysis**

A party seeking reconsideration must show facts or law which demonstrate that the Magistrate Judge's order is clearly erroneous or contrary to law. In this case, for the reasons discussed below, Plaintiff has not meet its burden.

*1.     Futility*

Plaintiff's argument that the Magistrate Judge's order was erroneous because it was based on the wrong legal standard is unavailing. The test for futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Namely, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs. Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1927, 1949 (2009). This is the standard the Magistrate Judge used in concluding that it would be futile to amend Plaintiff's fraud, promissory estoppel, and breach of contract claims.

Under Federal Rule of Civil Procedure 9(b), to state a claim for fraud a plaintiff must plead with particularity the circumstances constituting the fraud, including "an account of the time, place, and specific content of the false representation, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the

Magistrate Judge found that Plaintiff's vague allegation of a misrepresentation made in a telephone conversation on an unspecified date sometime "[a]fter Unitherm filed its lawsuit" failed to meet the heightened pleading standard of Rule 9(b). The Court cannot find that this conclusion is clearly erroneous or contrary to law. Although the proposed SAC stated with particularity the identities of the parties and the specific content of Mr. Moskal's alleged misrepresentation, under Rule 9(b), the vagueness as to the timing of the conversation is fatal to Plaintiff's claim. Thus, the Magistrate Judge did not err in concluding that amendment to include the fraud claim would be futile.[2]

      Under California law, a cause of action for promissory estoppel requires that a plaintiff show "(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'" *Poway Royal Mobilehome Owners Ass'n v. City of Poway*, 149 Cal. App. 4th 1460, 1471 (2007) (quoting *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (Cal. App. 2004)). The proposed SAC alleges that Plaintiff continued its business relationship with Defendant and incurred expenses in defending the Unitherm lawsuit as a result of Mr. Moskal's representation that Defendant would indemnify Plaintiff for the costs. The Magistrate Judge found that Plaintiff failed to allege reliance for the same reasons set forth with respect to fraud; namely, that Plaintiff could not have reasonably relied on Mr. Moskal's representation in light of the express statement in the Tolling Agreement that the parties did not agree on rights and responsibilities relating to indemnification. As discussed above, the Court cannot find that the Magistrate Judge's conclusion regarding the

---

[2] The Magistrate Judge also found that the proposed SAC failed to state each of the elements of a fraud claim under California law, which requires a Plaintiff to allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damages." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974 (Cal. 1997)). The Magistrate Judge concluded that Plaintiff failed to allege justifiable reliance in light of the parties' Tolling Agreement, and because the proposed SAC was devoid of facts tending to show that Plaintiff relied on Mr. Moskal's statement in defending the Unitherm lawsuit, which it would have needed to do regardless of any indemnification by Defendant. Again, the Court cannot find that this conclusion is clearly erroneous or contrary to law.

sufficiency of the factual allegations of reliance was clearly erroneous or contrary to law.  The Magistrate Judge therefore did not err in finding that it would be futile to amend the complaint to add a claim of promissory estoppel.

To state a cognizable claim for breach of contract under California law, a plaintiff must allege, "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. App. 2008).  Here, the Magistrate Judge found that the proposed SAC could not state a claim for breach of contract because there was insufficient evidence of the existence of a contract based on Mr. Moskal's alleged representation. To prove the existence of a contract under California law, a plaintiff must demonstrate: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) consideration.  *See Cal. Civ. Code* § 1550.  The Magistrate Judge found that Plaintiff alleged no conduct to suggest that the parties consented to enter into a contract with a potential liability of more than a million dollars based on a single telephone conversation with one of Defendant's officers.  She further noted that the proposed SAC contained no factual allegations to support a conclusion that consideration existed for Mr. Moskal's alleged promise.  Upon reviewing the proposed SAC, the Court finds that the Magistrate Judge's conclusion that it would be futile to add a claim for breach of contract was not clearly erroneous or contrary to law.

Plaintiff's arguments regarding the proper interpretation of the Tolling Agreement do not provide grounds for reconsideration of the Magistrate Judge's findings.  Indeed, the Magistrate Judge's finding that the Tolling Agreement rendered any reliance on Mr. Moskal's alleged statement unreasonable is consistent with this Court's findings regarding the Tolling Agreement in connection with the Hanson Letter.  *See* Court's Docket, Doc. No. 56.  The Court declines to address what amounts to a collateral attack on the Court's earlier findings, particularly where Plaintiff did not seek formal reconsideration of the Court's order on Defendant's motion to dismiss the FAC.  *See Swi-Co Const., Inc. v. AMCO Ins. Co.*, No. C 10-3122 PJH, 2012 WL

1496185, at *7 (N.D.Cal. Apr. 26, 2012).

    2.    *Undue Delay*

With respect to timeliness, Plaintiff contends there was no undue delay in bringing its claims relating to Mr. Moskal's statement because it is still early in the litigation.  However, "[r]elevant to the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson*, 902 F.3d at 1388.  Here, the Magistrate Judge found that Plaintiff was aware that Mr. Moskal's representation supported its claims at the time of the prior amendments, but it chose not to include those factual allegations, intending to use them as evidence in its case in chief.  The Magistrate Judge further noted that two years have elapsed since Plaintiff filed its original complaint, and requiring Defendant to respond to Plaintiff's untimely allegations would generate unnecessary expenditures by the parties and the Court.  "Expense, delay, and wear and tear on individuals and companies count toward prejudice."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  In light of these facts, the Court cannot find that the Magistrate Judge's conclusions that the proposed amendments were untimely and prejudicial were clearly erroneous or contrary to law.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for reconsideration by the District Court of the Magistrate Judge's December 7, 2012 Order Denying Plaintiff's Motion to File a Second Amended Complaint is DENIED.

IT IS SO ORDERED.

Dated:   January 31, 2013

                                                         SENIOR  DISTRICT  JUDGE